UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| MARK HANNA<br>    LA. DOC #132872 | CIVIL ACTION NO. 3:10-cv-1059 |
| VERSUS | SECTION P |
| | JUDGE ROBERT G. JAMES |
| MARK SHUMATE, ET AL. | MAG. JUDGE KAREN L. HAYES |

RULING

Pending before the Court is a civil rights complaint brought by *pro se* Plaintiff Mark Hanna pursuant to 42 U.S.C. §1983. On September 22, 2010, Magistrate Judge Karen L. Hayes issued a Report and Recommendation [Doc. No. 11] in which she recommended that the Court dismiss some of Plaintiff's claims as frivolous and for failing to state a claim as a matter of law. On December 14, 2010, the Court issued a Ruling [Doc. No. 37] and Judgment [Doc. No. 38], adopting the Report and Recommendation of the Magistrate and, for the reasons stated in the Report and Recommendation and for those additional reasons set forth in the Ruling, dismissing Plaintiff's civil rights claims of denial of due process, denial of his right of access to courts, and the use of excessive force against his fellow inmates and dismissing all his civil rights claims against Defendant East Carroll Detention Center and River Bend Detention Center. Plaintiff's excessive force claims against Defendants Turner, "Roe," Sheriff Shumate, Warden Jones, and Assistant Warden Shaw remain pending before the Court.

On December 16, 2010, the Magistrate Judge issued an Order [Doc. No. 39] in which she denied Plaintiff's Motion to Compel [Doc. No. 29]. The Magistrate Judge rejected Plaintiff's

objections to Defendants' denials based on "lack of information sufficient to justify a belief therein," the numbering of their Answer, and their failure to respond to "each and every allegation he put forth in the 32-page document he attached with his original complaint." [Doc. No. 39, p. 3]. Instead, the Magistrate Judge found that Defendants had properly responded to Plaintiff's allegations in his original form Complaint, had properly issued the type of denials permitted by Federal Rule of Civil Procedure 8(b)(5), and had sufficiently identified its responses by Roman numerals, even though Plaintiff used Arabic numbers in his original Complaint. In response, Plaintiff filed a 62-page appeal [Doc. No. 47] of the December 16, 2010 Order to this Court.

Under Federal Rule of Civil Procedure 72(a) and 28 U.S.C. § 636(b)(1)(A), a magistrate judge's order on a non-dispositive pre-trial matter will be upheld unless it is "clearly erroneous or contrary to law."[1]

In this case, the Court finds that the Magistrate Judge's analysis of Rule 8, the denials issued by Defendants, and the numbering of their Answer is neither contrary to law nor clearly erroneous. Thus, this part of her Order is AFFIRMED. However, the Court finds that the Magistrate Judge's statement that Plaintiff's 32-page memorandum is not part of his Complaint is internally inconsistent

---

[1] Rule 72(a) provides:

> When a pretrial matter not dispositive of a party's claim or defense is referred to a magistrate judge to hear and decide, the magistrate judge must promptly conduct the required proceedings and, when appropriate, issue a written order stating the decision. A party may serve and file objections to the order within 14 days after being served with a copy. A party may not assign as error a defect in the order not timely objected to. The district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law.

with the Report and Recommendation [Doc. No. 11] previously issued. In her original Report and Recommendation, the Magistrate Judge relied on the 32-page document in determining all of Plaintiff's factual allegations in his "Complaint." *See* [Doc. No. 11, p. 2]. Accordingly, the Court finds that the December 16, 2010 Order is clearly erroneous in finding that Defendants are not required to answer the allegations in Plaintiff's 32-page document accompanying his form Complaint. To that extent, Plaintiff's appeal is GRANTED, and the Magistrate Judge's Order is REVERSED.

However, based on the Report and Recommendation of the Magistrate Judge [Doc. No. 11], adopted by the Court in its December 14, 2010 Ruling [Doc. No. 37] and Judgment [Doc. No. 38], a number of Plaintiff's claims have been dismissed. Defendants are only required to respond to those factual allegations in the 32-page document accompanying Plaintiff's form Complaint which relate to the excessive force claims still pending before the Court.

**MONROE, LOUISIANA,** this 2nd day of February, 2011.

_____
ROBERT G. JAMES
UNITED STATES DISTRICT JUDGE

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| **MARK HANNA** | **CIVIL ACTION NO. 3:10-cv-1059** |
| LA. DOC #132872 | |
| **VERSUS** | **SECTION P** |
| | **JUDGE ROBERT G. JAMES** |
| **MARK SHUMATE, ET AL.** | |
| | **MAG. JUDGE KAREN L. HAYES** |

**ORDER**

For the reasons stated in this Court's Ruling,

IT IS ORDERED that Plaintiff's appeal [Doc. No. 47] is GRANTED IN PART and DENIED IN PART, and the Magistrate Judge's Order [Doc. No. 39] is AFFIRMED IN PART and REVERSED IN PART. Defendants are required to file an Amended Answer responding to the factual allegations in Plaintiff's 32-page document accompanying his form Complaint, but only those allegations which relate to the excessive force claims still pending before the Court.

**MONROE, LOUISIANA,** this 2nd day of February, 2011.

_____
ROBERT G. JAMES
UNITED STATES DISTRICT JUDGE