UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| **MARK HANNA** | **CIVIL ACTION NO. 3:10-cv-1059** |
| **LA. DOC #132872** | |
| **VS.** | **SECTION P** |
| | **JUDGE ROBERT G. JAMES** |
| **MARK SHUMATE, ET AL.** | **MAGISTRATE JUDGE KAREN L. HAYES** |

<u>**MEMORANDUM RULING AND ORDER**</u>

*Pro se* plaintiff Mark Hanna, proceeding *in forma pauperis*, filed the instant civil rights complaint pursuant to 42 U.S.C. §1983 on June 14, 2010. Plaintiff is an inmate in the custody of Louisiana's Department of Public Safety and Corrections, currently incarcerated at Bossier Medium Correctional Center. However, when he filed this complaint, plaintiff was incarcerated at the Claiborne Corrections Center, and he complained of circumstances and conditions that arose during his imprisonment at the East Carroll Detention Center ("ECDC") and Riverbend Detention Center ("RBDC").

Currently before the court are two motions filed by plaintiff: a "Motion for Leave to Amend and Supplement the Complaint and to Correct Some Typographical Errors in a Previously Submitted Document" [doc. # 34]; and a "Motion to Correct the Record Where a Pleading Was Mislabeled as a Memorandum Brief" [doc. # 46].[1] The court addresses each, in turn.

**1) Motion for Leave to Amend and Supplement the Complaint and to Correct Some Typographical Errors in a Previously Submitted Document**

---

[1] As neither of these motions are one of the motions excepted in 28 U.S.C. § 636(b)(1)(A), nor dispositive of any claim on the merits within the meaning of Rule 72 of the Federal Rules of Civil Procedure, this ruling is issued under the authority thereof, and in accordance with the standing order of this court. Any appeal must be made to the district judge in accordance with Rule 72(a) and L.R. 74.1(W).

By this motion, plaintiff seeks to make several changes and amendments to his original complaint [doc. # 1] and supporting documents [doc. # 1-2, doc. # 7, doc. # 23].[2]

A.  **Averment 111 of Plaintiff's Complaint**

Plaintiff first seeks to make the following change to averment 111 of the 32-page attachment he provided with his complaint:

> On July 1st, 2009, I was called out to the ECDC front office, where I provided **to the defendant Jane Loe** the clerk's letter and a postage[d] affixed envelope for purchasing the materials from the 19th JDC. Money Gram #143 7328 390, from Delta Bank.

The text bolded above is text that plaintiff "inadvertently omitted" in his previously filed documents. Accordingly it is **ORDERED** that plaintiff is granted leave to amend the complaint, doc. # 1-2, at averment 111, by restoring it with the phrase "to the defendant 'Jane Loe,'" and in that manner only.

B.  **Substitution of 'Henry Reed' for 'John Roe'**

Next, plaintiff states that he "recently learned that the correct full name of the defendant previously referred to in the complaint as 'John Roe' is 'Henry Reed.'" Likewise, in plaintiff's "Additional Factual Allegations and Amendments," attached to the underlying motion, plaintiff avers in paragraph 155 the following:

> The correct full name of the defendant previously referred to in the complaint as "John Roe" is Henry Reed. The defendant Henry Reed is employed as a corrections officer or deputy by the East Carroll Parish Sheriff's Office.

Doc. # 34-1, ¶ 155.

In plaintiff's complaint and supporting documents, "John Roe" is a defendant that plaintiff

---

[2] Plaintiff's motion for leave to file a reply brief in support of this motion, filed February 2, 2011, is hereby **GRANTED**. Doc. # 49.

makes claims of excessive force against. Doc. # 1-2, ¶¶ 48-58. Plaintiff's claims of excessive force survived the undersigned's initial review of plaintiff's complaint. *See* Doc. # 11. Service upon Henry Reed, therefore, is issued in this Order, *infra*.

    **C.**    **New Allegations in Plaintiff's Motion**

Third, with his "Additional Factual Allegations and Amendments," plaintiff also seeks to add two averments to his complaint concerning the actions of defendant "Washington," previously identified as "Jane Loe." Doc. # 31-1, ¶¶ 156-57. Specifically, plaintiff alleges that defendant Washington, "[u]nder the false pretext of assisting me with obtaining court records in the state judiciary...converted funds from [plaintiff's] inmate account...to her own personal use without my consent and I never received the court records." *Id.* at ¶ 157.

In their opposition, defendants argue that the court should not allow plaintiff to amend his complaint with the new allegations contained in paragraphs 156 and 157. Doc. # 40. Specifically, defendants argue that the new allegations relate to plaintiff's claims of "impeded justice," which were dismissed via District Judge Robert G. James' Ruling and Judgment on December 14, 2010. Doc. # 38. As plaintiff's claims of impeded justice and obstruction of access to the courts were dismissed, defendants conclude, any new allegations in relation to those claims must be denied. *Id.*

In his reply, plaintiff asserts that the new allegations are "only intended to further clarify the defendant, Washington's, participation in obstructing my access to courts." Doc. # 49-2, p. 2. Plaintiff notes that he pled the "basic elements" of a claim for obstruction of access to the courts in averments 109, 111, 119, 120, 132 through 138, and 141. In those averments, plaintiff asserted, *inter alia*, that he provided his inmate account information to defendant Washington so that she could purchase a Money Gram for plaintiff in order for plaintiff to obtain certain legal documents. Doc.

3

# 1-2, ¶¶ 109, 111.  Plaintiff further alleged he never received the documents in question.  *Id.* at ¶ 141.  However, plaintiff now asserts, his initial complaint did not "reveal whether the money was ever restored to my account after I did not receive the [legal] materials."  Doc. # 49-2, p. 2.  As the new allegation in averment 157 "answers that question," plaintiff continues, he should be granted leave to amend his complaint with the new allegation.

Plaintiff also acknowledges that his obstruction of access to the courts claims were dismissed in the undersigned's Report and Recommendation of September 22, 2010, and later adopted by Judge James in his Ruling and Judgment on December 14, 2010.  *See* Doc. Nos. 11, 37 and 38.  However, plaintiff claims, because his obstruction claims were dismissed after he submitted the underlying motion, the dismissal by Judge James "is not a valid reason for prohibiting the amendment."  Doc. # 49-2, p. 3.  Plaintiff continues: "The Court inadvertently overlooked the proposed amendment when it considered and dismissed the obstruction of access to courts claim." *Id.*  As such, plaintiff concludes, his obstruction claims "should be reconsidered in light of the proposed amendment."  *Id.*

Contrary to plaintiff's assertions, the new allegations plaintiff sets forth in the underlying motion do not remedy the deficiencies in his earlier-asserted obstruction of access to courts claims.  Averment 156, which plaintiff seeks to add to his 32-page complaint [doc. # 1-2], is identical to averment 111 in his original complaint.  The only change to the averment that plaintiff makes herein is adding the phrase "to the defendant Loe" - a change that the undersigned already granted in the instant order, *supra*.  *See* Doc. # 1-2, ¶ 111, and Doc. # 34-1, ¶ 156.

As to the second allegation plaintiff seeks to add, even had this allegation had been included in plaintiff's original complaint, his obstruction of access to the courts claim still would not have

4

survived the initial screening process.

Plaintiff seeks to add the following averment to his complaint:

> Under the false pretext of assisting me with obtaining court records in the state judiciary, the defendant Washington (see averment 138, herein above) converted funds from my inmate account (with Money Gram #143 7328 390 of Delta Bank) to her own personal use without my consent and I never received the court records.

Doc. # 34-1, ¶ 157.

Plaintiff's original complaint and supporting document contained allegations that defendant Washington - previously identified as "Jane Loe" - "intercepted and/or withheld incoming and/or outgoing legal mail from [plaintiff] and removed some of the contents from parcels sent to [him] from the 19th TDC, and [defendant Washington] effected purchases of court documents using [his] inmate funds with inordinate delay and untimeliness." Doc. # 1-2, ¶ 132.

As the undersigned stated in the earlier Report and Recommendation, despite the alleged interference by the defendants with plaintiff's access to the court system, plaintiff has not been thwarted in his ability to transmit legal documents to this court. Doc. # 11, p. 15. Plaintiff's earlier allegations that defendant Washington interfered with his mail, combined with other general and conclusory allegations regarding deficiencies in the law libraries and lack of appropriate tools, were deemed insufficient to state a claim for which relief may be granted. Plaintiff's additional allegation that defendant Washington converted his own money for her own personal use, likewise, does not state a viable claim for obstruction of access to the courts. To the extent that plaintiff alleges a separate claim solely against defendant Washington, plaintiff is not prejudiced from asserting this claim in a separate suit in the state court system.

In order for plaintiff to state a claim that he was denied his constitutional right of access to the courts, he must "demonstrate[] that his position as a litigant was prejudiced by his denial of

5

access to the court." *Eason v. Thaler*, 73 F.3d 1322, 1328 (5th Cir. 1996) (*per curiam*) (citing *Walker v. Navarro County Jail*, 4 F.3d 410, 413 (5th Cir. 1993)). A review of the docket sheet in the instant matter demonstrates that plaintiff simply has not been denied access to the courts, let alone prejudiced as a result. Plaintiff has had no difficulty in filing numerous motions, and his access to the court has been unfettered.[3] Plaintiff offers no allegations or evidence in the instant motion to demonstrate otherwise. Accordingly, plaintiff's motion for leave to amend the complaint with averments 157 and 158 is **DENIED**.

### D. Changes to Averment 59 of Plaintiff's Complaint

Plaintiff again seeks to modify averment 59 in his memorandum brief [doc. # 1-2], which originally read:

> On June 18th, 2009, upon placing me into the RBDC lockdown cellblock, the defendants, Shaw, Brooks, Thompson, Roe,        did not know why I had been transferred from the ECDC to the RBDC.

Doc. # 1-2, ¶ 59 (spacing in original).

On November 10, 2010, the undersigned granted plaintiff's request to add the phrase "said they" to the above-excerpted averment, so that the paragraph now reads "....Shaw, Brooks, Thompson, Roe, **said they** did not know why I had been transferred from the ECDC to the RBDC." Order, Doc. # 24. As the undersigned has already granted plaintiff's request to restore the phrase

---

[3] In addition to the instant motions, since this suit commenced, plaintiff has filed a Complaint and 32-page Memorandum / Brief [Doc. # 1, Doc. # 1-2], on June 14, 2010; Additional Factual Allegations to the Complaint [Doc. # 7], filed August 20, 2010; a Motion for Leave to Proceed In Forma Pauperis [Doc. # 9], filed September 3, 2010; a Motion for Extension of Time to Respond to the Magistrate Judge's Report and Recommendation [Doc. # 13], filed October 1, 2010; a First Set of Written Objections to the Magistrate Judge's Report and Recommendation [Doc. # 22], filed November 9, 2010; a Motion for Leave to Amend the Complaint [Doc. # 23], filed November 9, 2010; Final Written Objections to the Magistrate Judge's Report and Recommendation [Doc. # 26], filed November 10, 2010; a Motion to Compel an Adequate Answer to the Complaint [Doc. # 29], filed November 22, 2010; a Motion for Leave to Verify the Complaint [Doc. # 31], filed November 22, 2010; a Motion to Alter or Amend Judgment and for a Stay of Judgment [Doc. # 42], filed December 28, 2010; Objections and Appeal to the District Court Judge Regarding Adverse Disposition of a Motion to Compel [Doc. # 47], filed January 19, 2011; and another Motion for Leave to Amend the Complaint [Doc. # 50], filed February 2, 2011.

"said they" to averment 59, plaintiff's pending request to add a new paragraph identical to averment 59, as amended, is **DENIED as moot**.

### E. Correction of Typographical and Citation Errors

Finally, plaintiff seeks to amend another document he recently filed with the court in objection to the earlier Report and Recommendation of the undersigned [Doc. # 11]. Specifically, plaintiff seeks to change various "typographical errors" that he "recently discovered" in his **second** set of objections to the undersigned's Report and Recommendation, filed on November 10, 2010, and stylized as "Plaintiff's Final Written Objections to the Magistrate Judge's Report and Recommendation." Doc. # 26. For example, plaintiff wishes to add the correct circuit court for a case he cited in his argument on page five of his Objections. Doc. # 34, p. 2. Additionally, plaintiff desires to change a citation from "Article 16" to "Article 12." *Id.* In sum, all the "errors" plaintiff seeks to amend in his second set of Objections are citation errors and other miscellaneous typographical errors.

The undersigned certainly appreciates plaintiff's diligence in making certain that his citations are correct. However, any changes to plaintiff's Objections to the earlier Report and Recommendation are now moot, as District Judge James adopted the Report and Recommendation on December 14, 2010. Doc. # 37. Further, on January 14, 2011, Judge James denied plaintiff's Rule 59(e) motion to alter or amend the earlier Judgment adopting the Report and Recommendation. Doc. # 45. As such, plaintiff's request to change any typographical errors in his Objections to the Report and Recommendation are **DENIED as moot**.

**2)    Motion to Correct the Record Where a Pleading Was Mislabeled as Memorandum Brief**

By this motion, plaintiff seeks to change the title of the thirty-two page, 144 paragraph attachment he submitted with his original complaint [doc. # 1], stylized as "Tort Claim Under Title 42 USC Section 1983, in Vindication of Unnecessary and Excessive Force, Punishment Without Due Process of law, and Obstruction of Access to Courts." Doc. # 1-2. On the court's case management / electronic case filing system ("CM/ECF"), this document is labeled "Memorandum Brief." Plaintiff states that he only became aware of his attachment being labeled "Memorandum Brief" when he received a copy of the undersigned's Order denying his earlier "Motion to Compel An Adequate Answer to the Complaint" [doc. # 39]. As plaintiff argued in his previous motion to compel [doc. # 29], defendants "should be compelled to answer" the 144 averments he sets forth in the 32-page attachment to the complaint. Doc. # 46, p. 3. If defendants are not required to answer the 144 averments, plaintiff continues, this will "substantial[ly] disadvantage and prejudice [plaintiff's] otherwise justiciable claims for relief with a grievous miscarriage of justice...if [defendants] are granted a motion to dismiss for failure to state a claim based on the dislocated or mislabeled pleadings in the record." *Id.* at p. 4.

The undersigned first notes that defendants have not filed a motion to dismiss for failure to state a claim. As stated *supra*, the undersigned previously denied plaintiff's motion to compel defendants to amend their answer and respond to each of the averments in the 32-page document plaintiff filed with his complaint. Doc. # 39. However, in a Ruling dated February 2, 2011, Judge James noted that the undersigned's initial review of plaintiff's "complaint," dated September 22, 2010 [Doc. # 11], relied on the allegations and paragraphs set forth in the 32-page document. Doc. # 51. Judge James further noted that many of the allegations set forth in the 32-page document were dismissed in the undersigned's earlier Report and Recommendation; as such, ordering defendants

to respond to each and every averment listed in the attachment would be futile. *Id.* As Judge James ordered defendants to respond only to those remaining excessive force claims still pending in this court, plaintiff's current motion to "re-label" the 32-page document is now **MOOT**. Accordingly, plaintiff's "Motion to Correct the Record Where a Pleading Was Mislabeled as a Memorandum Brief" is **DENIED**.

For the reasons stated above,

## CONCLUSION

In order to determine an appropriate resolution of plaintiff's remaining claims of excessive force,

**THE CLERK IS DIRECTED** to serve a copy of this Memorandum Ruling and Order, two (2) summons forms, and one (1) USM-825 form for the following defendant:

**(1) HENRY REED**

upon the plaintiff at his last known address, who must then furnish to the

Clerk of Court
300 Fannin Street, Suite 1167
Shreveport, LA 71101-3083

within thirty (30) days after service of this order,

- one (1) copy of the **Original Complaint and Memorandum Brief** [Doc. Nos. 1 and 1-2],

- two (2) completed **summonses**, and,

- one (1) completed **USM - 285 form**

for **EACH** defendant for service of process; and that after the foregoing documents have been furnished as aforesaid,

**THE CLERK IS FURTHER DIRECTED** to serve, through the United States Marshal, a

copy of the Original Complaint and Memorandum Brief [Doc. Nos. 1 and 1-2], the appropriate summonses, and a copy of this Memorandum Order on the Defendant listed above.

**IT IS ORDERED** that the defendant file a response within twenty (20) days after the date of service.

After the defendant's responsive pleading is filed, an additional sixty (60) days is allowed for the parties to complete all appropriate discovery.

Thereafter, if deemed appropriate, Plaintiff or the Defendants may file a motion for summary judgment within thirty (30) days, to include material and relevant affidavits, certified records, interrogatories and answers, admissions and depositions, if any, and a supporting memorandum brief.

Any party not filing a motion for summary judgment **SHALL FILE** a Statement of Issues, within the same period, which shall enumerate each genuine issue of material fact perceived by that party which is relevant to this matter, or state that there are none. This statement will be used by the court to determine the necessity for an evidentiary hearing.

Failure to comply with this order will result in a dismissal of this matter without prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

In Chambers, Monroe, Louisiana, February 9, 2011.

KAREN L. HAYES
U. S. MAGISTRATE JUDGE